### In the Matter of Bruce M. FREY.

#### No. 684S229.

Supreme Court of Indiana.

March 26, 1985.

Bruce M. Frey, Marion, pro se.

William G. Hussman, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a Verified Complaint for Disciplinary Action filed by the Supreme Court Disciplinary Commission charging the Respondent with violating Disciplinary Rules 2–103(C), 2–103(B), 3–101(A) and 3–102(A) of the *Code of Professional Responsibility for Attorneys at Law.*

A hearing officer appointed pursuant to Ind.R.A.D. 23, Section 11(b) has held a hearing and has submitted to this Court his Findings of Fact and Conclusions of Law.

This Court has reviewed all matters submitted herein, and, there being no challenges to the Hearing Officer's findings, now adopts the same. We, thus, find that the Respondent was admitted to the Bar of the State of Indiana in 1967. On June 5, 1983, David Carter, a client of Respondent and an inmate at the Indiana Reformatory, wrote a letter to the Respondent recommending that the Respondent represent another inmate in the Reformatory. Carter wrote that he had already recommended to the prospective client that the Respondent should file a petition for post conviction relief in his behalf and that Respondent's fee should be between $500 and $800. Of that sum Carter requested that the Respondent pay him $100 "for the time I put into the case should you take the case." Carter's letter also stated that "I will be handling many more such cases and I'm willing to work as a team if you are. I'll do the paper work and you do the talking." In a subsequent letter, the Respondent agreed to handle the "courtroom part of the petition for post-conviction relief" and agreed to accept other similar cases. In a letter of June 23, 1983, Carter again discussed the subject and wrote that he was doing "most of the legal work here as far as appeals and PC's are concerned. However, these people will still be in need of legal representation when they return to court on such petitions."

The Respondent was retained to represent the recommended client and was paid $800; of that sum he paid $100 to Carter. Carter prepared a Memorandum in Support of Post Conviction Relief, and the Respondent used portions of it in a Petition for Post Conviction Relief filed on behalf of the client.

Thereafter, the Respondent received more referrals of other potential clients under the same arrangement. The Respondent agreed to represent other clients so referred and discussed their cases with Carter. Later, the Respondent agreed to apply twenty-five percent of the fees received from the clients referred by Carter to the outstanding balance of fees owed by Carter to the Respondent.

From the foregoing findings it is clear that the Respondent, by sharing his legal fees with Carter, a non-lawyer, has violated Disciplinary Rule 3–102(A) of the *Code of Professional Responsibility for Attorneys at Law.* We note further that during the period of time here at issue, Disciplinary Rule 2–103(C) of the *Code of Professional*

*Responsibility for Attorneys at Law* prohibited attorneys from requesting others to recommend or promote use of the attorney's professional services, and Disciplinary Rule 2–103(B) prohibited lawyers from compensating others who had so recommended them. Though the charging complaint fails to state this, at the time it was filed, the two foregoing rules had been amended and renumbered, effective January, 1984. They are now reflected in Disciplinary Rules 2–103(A) and 2–103(E) of the *Code of Professional Responsibility for Attorneys at Law*, as amended January, 1984. We conclude that, by entering into the agreement set out above, the Respondent engaged in the misconduct charged under these rules.

The Respondent is further charged with aiding Carter, a non-lawyer, in the unauthorized practice of law. The findings indicate that Carter contacted clients, discussed their cases with the Respondent, had discussions with the clients themselves as to their cases and legal fees and conducted legal research. These activities do not necessarily constitute the practice of law. A lawyer may find it useful to delegate tasks to clerks, secretaries and other lay persons as long as he maintains a direct relationship with the client, supervises the delegated work and has complete professional responsibility for the work product. Ethical Consideration 3–6. However, the agreement between the Respondent and Carter goes beyond the mere hiring of a law clerk. The correspondence between the two indicates that the Respondent was aware that Carter perceived himself as and intended to do the "legal work" in the Reformatory. The Respondent entered into an agreement to avail himself of all of Carter's "legal services" with the understanding that Respondent's own professional function could be limited to the formality of making court appearances. By so doing, the Respondent aided Carter's efforts to provide unauthorized legal assistance in violation of Disciplinary Rule 3–101(A) of the *Code of Professional Responsibility for Attorneys at Law*.

The attorney-client relationship should result from a free and informed choice by the client. Ethical Consideration 2–10(A). The entrustment of a legal matter often involves the reputation, property and, in criminal matters, the freedom or even life of a client. Proper protection of the public demands that no person be permitted to act as attorney unless he or she is subject to the regulations of the legal profession. Ethical Consideration 3–4. The client recruitment scheme carried out by Respondent and Carter is in contradiction of these very principles embodied in the *Code of Professional Responsibility for Attorneys at Law*.

In light of the findings and the foregoing considerations, this Court concludes that a period of suspension is warranted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, Bruce M. Frey, be and he hereby is suspended from the practice of law for a period of not less than one year, beginning April 25, 1985.

Costs of this proceeding are assessed against the Respondent.